UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-cv-00132-RMC |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, | ) ) ) ) | |
| Defendant. | ) ) | |
| HACKENSACK MERIDIAN HEALTH, d/b/a Jersey Shore University Medical Center, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-cv-01745-RMC |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, | ) ) ) ) | |
| Defendant. | ) ) | |

**JOINT MOTION TO CONSOLIDATE CASES**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the plaintiffs in the two above-referenced actions—together, 79 hospitals that participate in the Medicare program—and the Defendant in both actions, Alex M. Azar II, Secretary of Health and Human Services ("the Secretary"), by counsel, respectfully request that the Court consolidate the two actions for all purposes, including briefing, any argument, and decision. In support of this request, the parties state as follows:

1.  The two actions involve common questions of law. The plaintiffs in both actions challenge the validity of a rule that the Secretary has issued governing payment rates for evaluation

1

and management ("E/M") services provided by certain off-campus provider-based departments ("off-campus PBDs") under the Medicare Outpatient Prospective Payment System ("OPPS"). *See* 83 Fed. Reg. 58,818 (Nov. 21, 2018). The plaintiffs contend that the Secretary exceeded his statutory authority by promulgating the challenged rule. The Secretary contends that he acted within that statutory authority.

2.   The parties have filed cross-dispositive motions in the *University of Kansas Hospital Authority* action, and briefing was completed on those motions on April 19, 2019.

3.   Given the similarities between the two cases, the parties respectfully submit that consolidation of *Hackensack Meridian Health* and *University of Kansas Hospital Authority* would allow for the most efficient resolution of this litigation. The *Hackensack Meridian Health* plaintiffs ask to incorporate by reference the briefing of the *University of Kansas Hospital Authority* plaintiffs on the parties' cross dispositive motions in that case, and the Secretary similarly asks to adopt his briefing on the cross dispositive motions in the *University of Kansas Hospital Authority* case for purposes of the *Hackensack Meridian Health* case.

WHEREFORE, the parties respectfully request that the Court consolidate these actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and incorporate the prior briefing in *University of Kansas Hospital Authority* into *Hackensack Meridian Health*.

3

Dated: July 29, 2019

/s/ Mark D. Polston
Mark D. Polston (Bar No. 431233)
Christopher P. Kenny (Bar No. 991303)
Nikesh Jindal (Bar No. 492008)
Joel McElvain (Bar No. 448431)
KING & SPALDING LLP
1700 Pennsylvania Av., N.W.
Suite 200
Washington, D.C. 20006
202.626.5540 (phone)
202.626.3737 (fax)
MPolston@kslaw.com

*Counsel for Plaintiffs*

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

/s/ Bradley P. Humphreys
BRADLEY P. HUMPHREYS
(D.C. Bar No. 988057)
Trial Attorney
JUSTIN M. SANDBERG
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-0878
bradley.humphreys@usdoj.gov
justin.sandberg@usdoj.gov

*Counsel for Defendant*